IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 19-cv-00154-CMA-KLM

HUNTER ADAM MELNICK,

    Plaintiff,

v.

KAYLA JOHNSTON,
DEAN GONZALES,
SUSAN WHITE,
NICOLE JIMENEZ,
OMER GARCIA,
AHO WATERS COLORADO STATE BOARD OF PAROLE,
SHEILA,
BRYCE GILMORE,
JANE DOE, Unknown Primary Therapist,
TAMMIS JAHN,
AURORA MENTAL HEALTH CENTRE, and
STATE OF COLORADO,

    Defendants.

---

**ORDER DENYING MOTION FOR RECONSIDERATION AND/OR CLARIFICATION**

---

    This matter is before the Court on Defendant Aurora Mental Health Centre's (AMH) Motion for Reconsideration and/or Clarification Regarding Court's Order on Motions to Dismiss. (Doc. # 162). For the following reasons, the Motion is denied.

    Plaintiff, Hunter Melnick, was convicted of sexual assault in Douglas County, Colorado. (*See* Doc. # 63-1). He was sentenced to a term of imprisonment followed by a mandatory period of parole. (Doc. # 63-1). Upon being released on parole in 2017, he

1

was placed under intensive supervision pursuant to the Colorado Sex Offender Lifetime Supervision Act ("SOLSA"), C.R.S. § 18-1.3-1005. Melnick ultimately violated his parole and was taken back into the custody of the Colorado Department of Corrections ("CDOC"), where he currently remains. Melnick now claims that SOLSA is unconstitutional. (Doc. # 18 ("Complaint"), p. 6). He is suing various individuals and entities – including AMH – who were involved administering his parole, alleging that they violated his constitutional rights by enforcing SOLSA. (Doc. # 18).

Several defendants, including AMH, filed motions to dismiss Melnick's claims. (Docs. ## 63, 122, 125). On September 10, 2021, the Court issued an order granting two of the motions in part, resulting in the dismissal without prejudice of all claims against AMH. (Doc. # 151). The Court denied AMH's dismissal motion as moot because Plaintiff had no surviving claims against AMH. (doc. # 151, p. 34).

AMH now asks the Court to reconsider or clarify its order denying AMH's motion as moot. Specifically, AMH asks the Court to (1) rule on the merits of AMH's motion to dismiss; (2) clarify the meaning of the word "recommended" on page 34 of the Court's dismissal order; and (3) clarify that defendants who have not yet been served may, if they are served in the future, file motions to dismiss. AMH's Motion is denied.

"A motion to reconsider must be made upon grounds other than a mere disagreement with the court's decision and must do more than rehash a party's former arguments that were rejected by the court." *Artificial Nail Techs., Inc. v. Flowering Scents, LLC*, No. 2:06CV609DAK, 2007 WL 3254744, at *2 (D. Utah Nov. 2, 2007); *see also Vreeland v. Huss*, No. 118CV00303PABSKC, 2020 WL 3447768, at *2 (D. Colo.

June 24, 2020) (quoting *Artificial Nail Techs.*). Motions for reconsideration are generally appropriate only when there is (1) an intervening change in the controlling law; (2) new evidence previously unavailable; or (3) a need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). AMH has failed to demonstrate the existence any of these circumstances.

AMH has failed to even argue, let alone prove, that the Court's dismissal order was erroneous, unjust, or based on a lack of evidence. Rather, AMH would like the Court to revisit its prior order merely because AMH would prefer to have the claims against it dismissed with prejudice, rather than without prejudice. This mere disagreement with the Court's ruling is not sufficient to justify a motion for reconsideration. *See Artificial Nail Techs.*, 2007 WL 3254744, at *2; *see also Servants of Paraclete*, 204 F.3d at 1012.

Further, AMH has failed to point to any ambiguity in the Court's order that requires clarification. The Court's order with respect to the claims against AMH is clear: those claims were dismissed without prejudice. (*See* Doc. # 151, p. 33). To the extent AMH seeks an order stating that other defendants may someday file their own motions to dismiss, such an order would constitute an advisory ruling, which this Court will not provide. Further, AMH has failed to demonstrate that it has standing to raise this issue on behalf of another party. Therefore, AMH's request for clarification is also denied.

For the foregoing reasons, it is ORDERED that AMH's Motion for Reconsideration and/or Clarification Regarding Court's Order on Motions to Dismiss (Doc. # 162) is DENIED.

DATED: December 16, 2021

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge