**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Christine M. Arguello**

Civil Action No. 19-cv-00154-CMA-KLM

HUNTER ADAM MELNICK,

      Plaintiff,

v.

KAYLA JOHNSTON,
DEAN GONZALES,
SUSAN WHITE,
NICOLE JIMENEZ,
OMER GARCIA,
AHO WATERS COLORADO STATE BOARD OF PAROLE,
SHEILA POMERANZ,
BRYCE GILMORE,
PRIMARY THERAPIST,
TAMMIS JAHN,
STATE OF COLORADO, and
DARCI ARCHER,

      Defendants.

---

## ORDER DENYING MOTION FOR RECONSIDERATION

---

This matter is before the Court on Plaintiff's Motion for Reconsideration (the

"Motion," Doc. # 191). For the following reasons, the Motion is denied.

### I.      BACKGROUND

Plaintiff, *pro se*, filed this lawsuit on January 17, 2019. He has had multiple

opportunities to amend his complaint. (Doc. ## 5, 6, 7, 14, 15, 17, 18, 60.) On

September 10, 2021, after considering several motions brought by Defendants in this

action, the Court dismissed the claims against Defendant Aurora Mental Health Centre ("AMH"), without prejudice. (Doc. # 151.)

Plaintiff made no effort to cure the deficiencies in his amended complaint related to AMH. Thus, on December 16, 2021, the Court ordered Plaintiff to show cause, on or before January 6, 2022, why the claims against AMH should not be dismissed, with prejudice, in light of Plaintiff's failure to cure the pleading deficiencies. (Doc. # 176.)

On January 3, 2022, Plaintiff responded to the Order to Show Cause. (Doc. # 177.) Plaintiff requested an additional sixty days to file an amended complaint because, according to Plaintiff, he was having difficulty accessing the law library. (Doc. # 177 at 2.) Plaintiff also argued that "an appeal or either an amendment would make the claims [against AMH] viable." (*Id.* at 1.) Defendant AMH filed a response on January 13, 2022. (Doc. # 181.) Plaintiff filed a reply. (Doc. # 187.)

Plaintiff had more than six months to file the amended complaint, and he had nearly four months to file an amended complaint after the Court entered the Order to Show Cause. Yet, despite having the permission of the Court to file an amended complaint (Doc. # 176), and despite having far more than an additional sixty days to amend his complaint, Plaintiff never filed an amended complaint. Accordingly, the Court dismissed the claims against AMH with prejudice. (Doc. # 190.) Plaintiff now seeks reconsideration of the Court's Order under Federal Rules of Civil Procedure 60 and 59. (Doc. # 191.)

## II.    LEGAL STANDARDS

The Federal Rules of Civil Procedure do not explicitly authorize a motion for

reconsideration. However, a litigant subject to an adverse judgment, and who seeks

reconsideration by the district court of that adverse judgment, may "file either a motion

to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking

relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*,

952 F.2d 1241, 1243 (10th Cir. 1991). The Tenth Circuit has made clear that "[d]istrict

courts should evaluate postjudgment motions . . . based on the reasons expressed by

the movant, not the timing of the motion." *Jennings v. Rivers*, 394 F.3d 850, 855 (10th

Cir. 2005). In other words, because Plaintiff has moved pursuant to Rule 59(e) and Rule

60(b), the Court is required to analyze Plaintiff's Motion under both legal standards. *Id.*;

*Nero v. Am. Fam. Mut. Ins. Co.*, 11-cv-02717-PAB-MJW, 2013 WL 5323147, at *2 (D.

Colo. Sept. 23, 2013) (examining motion for relief from judgment under Rule 59(e) and

Rule 60(b) where the motion was timely filed).

## A.    RULE 59(e)

A motion to alter or amend the judgment must be filed within twenty-eight days

after the judgment is entered. *See* Fed. R. Civ. P. 59(e); *Banister v. Davis*, 140 S.Ct.

1698, 1703 (2020). The Tenth Circuit recognizes three basic grounds upon which a

motion for reconsideration may be granted: "(1) an intervening change in the controlling

law, (2) new evidence previously unavailable, and (3) the need to correct clear error or

prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th

Cir. 2000). A motion for reconsideration is appropriate to correct clear error or prevent

manifest injustice "where the court has misapprehended the facts, a party's position, or the controlling law." *Id*.

The grounds warranting reconsideration are limited and occur only in "exceptional situation[s]." *Proctor & Gamble v. Haugen*, 222 F.3d 1262, 1271 (10th Cir. 2000). A motion for reconsideration is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing. *See Van Skiver*, 952 F.2d at 1243; *see also Servants of the Paraclete*, 204 F.3d at 1012 ("Absent extraordinary circumstances ... the basis for the second motion must not have been available at the time the first motion was filed."). "In addition, 'arguments raised for the first time in a motion for reconsideration are not properly before the Court and generally need not be addressed.'" *Sump v. Fingerhut, Inc*., 208 F.R.D. 324, 327 (D. Kan. 2002) (quoting *United States v. Castillo-Garcia*, 117 F.3d 1179, 1197 (10th Cir. 2007)).

## B.     RULE 60(b)

Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party . . . from a final judgment" based on "mistake, inadvertence, surprise, or excusable neglect[.]" *See Jennings*, 394 F.3d at 856. Relief under Rule 60(b) is "extraordinary and may only be granted in exceptional circumstances." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000). Rule 60 relief is discretionary and is available only "when circumstances are so 'unusual or compelling' that extraordinary relief is warranted or when it 'offends justice' to deny such relief." *Johnson v. Ward*, No. 20-cv-00447-PAB-MEH, 2021 WL 2222713, at *1. "This very strict interpretation of Rule 60(b)

4

is essential if the finality of judgments is to be preserved." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 873 (1988) (REHNQUIST, C. J., dissenting).

### III.    ANALYSIS

Plaintiff proceeds *pro se*. Accordingly, the Court engages in a liberal review of the Motion and holds it to a less stringent standard than if it were drafted by an attorney. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Even when liberally construing Plaintiff's Motion, the Motion fails under either Rule 59(e) or Rule 60.

### A.    RECONSIDERATION UNDER RULE 59(e)

Plaintiff's Motion for relief under Rule 59(e) must be denied for several independent reasons. Plaintiff has not presented a proper basis for reconsideration. Plaintiff has not presented any new evidence or a change in the controlling law. Nor has Plaintiff presented a need to correct clear error or prevent manifest injustice. Rather, Plaintiff argues that the Court should reconsider its Order because he did not have permission to amend. (Doc. # 191 at 1.) Plaintiff's position is demonstrably incorrect.

Plaintiff has had numerous opportunities to amend his complaint. (Doc. ## 5, 6, 7, 14, 15, 17, 18, 60.) After the Court dismissed Plaintiff's claims against AMH, Plaintiff did not take steps to amend the complaint. Accordingly, the Court issued an Order to Show Cause why the claims against AMH should not be dismissed with prejudice. After more than six months since the Court dismissed AMH—and over three months after the Order to Show Cause—the court dismissed the claims against AMH with prejudice. (Doc. # 190.) Dismissal of AMH with prejudice was appropriate in light of Plaintiff's failure to cure the pleading deficiencies despite several opportunities to do so. *See, e.g.*,

*Moore v. Delta Cty. Police*, 396 F. App'x 529, 532 (10th Cir. 2010) (affirming dismissal of action where the plaintiff failed to cure pleading deficiencies despite multiple opportunities); *Brann v. Daddi*, 05-cv-00023-WYD-CB, 2005 WL 2806981, at *5 (D. Colo. Aug. 22, 2005), *report and recommendation adopted,* No. 05-CV-00023-WYD-CBS, 2005 WL 4685046 (D. Colo. Oct. 27, 2005) (collecting cases and dismissing action with prejudice after the plaintiff had multiple opportunities to amend).

Plaintiff's Motion is also inconsistent. Despite first alleging that he needed permission to file an amended complaint, Plaintiff also asserts that he needs the Court to grant his motions for a subpoena before he amends. (Doc. # 191 at 3.) Plaintiff states that he needs the information in response to subpoenas so that he can properly amend. (*Id.*) Plaintiff also states that he believes amendment of the complaint "is the cart before the horse approach, as Plaintiff needs the addresses to amend the complaint then achieve proper service." (Doc. # 191 at 3.) Thus, based on the Motion, it appears that Plaintiff was aware that he needed to amend his complaint, but he chose not to do so because he did not agree with the Court's Order.

Regardless of Plaintiff's proffered reason for not amending over the course of six months, the Court finds that relief is inappropriate under Rule 59(e) because the Court has not "misapprehended the facts, a party's position, or the controlling law." *See Servants of the Paraclete*, 204 F.3d at 1012.

## B.      RECONSIDERATION UNDER RULE 60(b)

The Motion also fails because Plaintiff has not demonstrated grounds for relief amounting to excusable neglect, misconduct by the opposing party, or other "unusual or

compelling" circumstances that would justify Rule 60 relief. Plaintiff argues that he was waiting for permission to file his amended pleading. Viewing the Motion liberally, it appears that Plaintiff could be arguing that his failure to file the amended complaint is "excusable neglect" under Rule 60(b). The Motion still fails.

"Excusable neglect" under Rule 60(b) encompasses situations where failure to comply with a deadline is attributable to negligence. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993). Further, "[t]he ordinary meaning of 'neglect' is 'to give little attention or respect' to a matter, or, closer to the point for our purposes, 'to leave undone or unattended to esp[ecially] through carelessness.'" *Id.* at 388 (citation and internal emphasis omitted). Therefore, the word "encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Id.*

Here, Plaintiff had six months to cure the pleading deficiencies related to AMH, in addition to the numerous opportunities Plaintiff has had to amend since January 2019. When Plaintiff initially failed to file the amended complaint, the Court issued its Order to Show Cause, directing Plaintiff to file an amended complaint or face dismissal of AMH with prejudice. Despite having over three more months to file an amended complaint, Plaintiff failed to do so. Plaintiff's failure to file an amended complaint does not amount to excusable neglect where Plaintiff has had multiple opportunities to file amended complaints (Doc. ## 5, 6, 7, 14, 15, 17, 18, 60), and the Court reminded Plaintiff that he must file an amended complaint or risk dismissal with prejudice (Doc. # 176).

This is particularly true where, as here, Plaintiff expressed his opinion that amendment should come after his other motions are considered. (Doc. # 191 at 3.) Plaintiff's disagreement with the Court's Order, and subsequent decision not to file an amendment, does not amount to excusable neglect. *See Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577 (10th Cir. 1996) (observing that courts decline "to grant relief under Rule 60(b)(1) when the mistake was the result of a deliberate and counseled decision by the party"). In short, Plaintiff has not demonstrated that he is entitled to the extraordinary relief afforded by Rule 60(b).

Finally, Plaintiff asks the Court for advice and guidance regarding when he can appeal the dismissal of AMH. (Doc. # 191 at 2.) Although the Court must construe Plaintiff's pleadings liberally, the Court will not act as an advocate for Plaintiff simply because he proceeds *pro se*. *See Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009). Accordingly, the Court declines to respond to Plaintiff's requests for legal advice.

## IV.    CONCLUSION

Based on the foregoing, the Court ORDERS that Plaintiff's Motion for Reconsideration (Doc. # 191) is DENIED.

DATED: April 28, 2022

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge

8