IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello

Civil Action No. 19-cv-00154-CMA-KAS

HUNTER ADAM MELNICK,

    Plaintiff,

v.

KAYLA JOHNSTON
SUSAN WHITE, and
DARCI ARCHER,

    Defendants.

---

**ORDER MAKING ABSOLUTE THE JANUARY 24, 2024 ORDER TO SHOW CAUSE, DENYING RECONSIDERATION, AND DENYING A SUBPOENA**

---

This matter is before the Court on the January 24, 2024 Order to Show Cause ("OSC"), as well as Plaintiff Hunter Adam Melnick's Motions for Reconsideration (Doc. # 281), and for a Subpoena (Doc. # 282). For the following reasons, the Court makes absolute the OSC, denies the Motions, and dismisses Defendant Darci Archer from this suit.

## I.  BACKGROUND

This case revolves around the constitutionality of parole conditions imposed on Plaintiff pursuant to the Colorado Sex Offender Lifetime Supervision Act. *See generally* (Doc. # 259.) In April 2023, following his reinitiated status as a parolee, Plaintiff was permitted to file a Fourth Amended Complaint (*id.*) to reinstate claims for declarative

and injunctive relief previously denied without prejudice as moot. (Doc. # 257.) Of the eight Defendants properly named in the operative Complaint, only Kayla Johnston and Susan White have been properly served. (Doc. # 30.)

As Magistrate Judge Starnella noted in her October 30, 2023 OSC (Doc. # 273) because Plaintiff is proceeding *in forma pauperis*, the U.S. Marshal Service was directed at the outset of the case to effect service on Defendants Dean Gonzales and Omer Garcia, former employees of the Colorado Department of Corrections ("CDOC") at their last known addresses as provided by the CDOC. (Docs. ## 31–33.) The Summonses were returned unexecuted in July 2020. (Docs. ## 39, 41.) The Court then authorized a Subpoena to the CDOC to obtain Defendants Gonzalez and Garcia's last known addresses and contact information. (Doc. # 221.) This Subpoena was returned unexecuted on October 24, 2022.[1] (Doc. # 225.)

As to Defendant Tammis Jahn, an employee of RSA, Inc., the Court authorized a Subpoena to RSA for Defendant Jahn's contact information. (Doc. # 221.) This Subpoena was also returned unexecuted on October 24, 2022. (Doc. # 225.)

Related to Defendants Sheila Pomeranz, and Bryce Gilmore, employees of Aurora Comprehensive Community Mental Health Center Inc. ("AMH"), the Court granted both a First and Second Motion to Quash Service (Docs. ## 66, 123) on April 27, 2021, and January 11, 2022, respectively, finding that service was not properly

---

[1] Judge Starnella's OSC notes this date alternatingly as October 24, 2022 or 2023. (Doc. # 273 at 4.) However, the Court's docket clarifies that the Subpoenas to the CDOC (Doc. # 208), RSA (Doc. # 206), and Aurora Mental Health (Doc. # 207), were returned unexecuted on October 24, 2022. (Doc. # 225.)

effectuated as to these Defendants. (Docs. ## 101, 179.) Also on January 11, 2022, Defendant Darci Archer, another AMH employee, was substituted for former-Defendant Jane Doe. (Doc. # 179.) Thereafter, on June 21, 2022, the Court authorized a Subpoena to AMH to obtain contact information for the three AMH Defendants. (Doc. # 204 at 3–4.) This Subpoena was returned unexecuted on October 24, 2022 (Doc. # 225), and the AMH Defendants thereafter filed a Notice Regarding Plaintiff's Fourth Amended Complaint indicating that all three of them did not intend to respond because they had not been properly served. (Doc. # 263 at 2.)

Noting the lack of service on five of the Defendants properly named in Plaintiff's Fourth Amended Complaint (Gilmore, Pomeranz, Jahn, Gonzalez, and Garcia),[2] on October 30, 2023, Judge Starnella issued an OSC. (Doc. # 273.) Judge Starnella directed Plaintiff to show cause in writing by November 22, 2023, why these Defendants should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m) for Plaintiff's failure to timely serve.[3] (*Id.*) Judge Starnella noted that this case has been pending for over four and a half years, and that she was not inclined to extend the service deadline for these Defendants. (*Id.* at 5.) Plaintiff did not substantively respond to the OSC.

---

[2] As explained in the Court's Order Affirming and Adopting in part Judge Starnella's Recommendation, Judge Starnella overlooked Darci Archer's replacement of Jane Doe in 2022. (Doc. # 278 at 3.) Thus, Judge Starnella's October 30, 2023 OSC did not require Plaintiff to show cause as to why Defendant Archer should not be dismissed due to lack of service. *See* (Doc. # 273.)

[3] Although Judge Starnella's Order incorrectly stated the deadline for this portion of her OSC was November 2, 2023, her subsequent Order (Doc. # 276) Granting Plaintiff's Motion for Extension of Time (Doc. # 274) clarified that this was a typo and that Plaintiff had until November 22, 2023 to respond.

On December 29, 2023, addressing Plaintiff's lack of substantive response to her OSC, Judge Starnella recommended that Defendants Gilmore, Pomeranz, Jahn, Gonzalez, and Garcia be dismissed from this case. (Doc. # 277.) Judge Starnella also recommended that Defendant Archer be dismissed for failure of Plaintiff to assert claims against her. (*Id.* at 3 n.4.) The Recommendation advised parties that specific written objections were due within fourteen (14) days after being served with a copy of the Recommendation. (*Id.* at 4.) Plaintiff did not object to the Recommendation.

On January 24, 2024, the Court affirmed and adopted Judge Starnella's Recommendation in part. (Doc. # 278.) Specifically, the Court affirmed and adopted Judge Starnella's recommendation that Defendants Gilmore, Pomeranz, Jahn, Gonzalez, and Garcia be dismissed from this case for lack of service. (*Id.* at 4.) However, noting the substitution of Defendant Archer for Jane Doe in 2022, and that Federal Rule of Civil Procedure 4(m) requires the Court to provide notice to a plaintiff prior to dismissing a defendant who has not been timely and properly served, the Court rejected Judge Starnella's recommendation that Ms. Archer be dismissed. (*Id.*) That same day, the Court issued an OSC ordering Plaintiff to show cause in writing by February 14, 2024, why Defendant Archer should not also be dismissed pursuant to Rule 4(m) for Plaintiff's similar failure to properly effectuate service on her. (Doc. # 279.)

On February 13, 2024, Plaintiff filed the instant Motion for Reconsideration. (Doc. # 281.) The Motion, in its entirety, states

> Plaintiff notes that the US Marshall service was Ordered to serve the subpoenas and the Plaintiff never received a response from the subpoena including that it was delivered unexecuted, even though Plaintiff included the correct address for the US Marhsall service.

4

> Plaintiff requests that this Court reconsider its previous Order to dismiss Defendants because Plaintiff in good faith used the US Marshall service to serve the Defendants. And that the Plaintiff with the opportunity will have the RSA clients served via a private process server.

(*Id.*) Two days later, Plaintiff filed the instant Motion for Subpoena regarding Darci Archer. (Doc. # 282.) Plaintiff has not otherwise responded to the Court's January 24, 2024 OSC.

## II.    LEGAL STANDARDS

### A.    PRO SE STANDARD OF REVIEW

Plaintiff is proceeding *pro se*. Accordingly, the Court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, the Court is "not required to fashion [a party]'s arguments for him where his allegations are merely conclusory in nature and without supporting factual averments." *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). "It is [not] the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall*, 935 F.2d at 1110; *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a [movant's] complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues."). Further, *pro se* litigants are

5

still subject to the Federal Rules of Civil Procedure. *Abdelsamed v. Colorado*, 6 F. App'x 771, 772 (10th Cir. 2001).

**B.     OBJECTION TO A MAGISTRATE JUDGE'S RECOMMENDATION**

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been properly objected to." "In the absence of timely objection, the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.")).

To be properly made and, therefore, to preserve an issue for *de novo* review by the district judge, an objection must be both timely and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059–60 (10th Cir. 1996). However, "when a party fails to object to the findings and recommendations of the magistrate [judge]," within the jurisdiction of the United States Court of Appeals for the Tenth Circuit, "a firm waiver rule" applies. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008); *see Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 783 (10th Cir. 2021) (holding that "the firm waiver rule applies when a party fails to object to a magistrate judge's non-dispositive ruling under Rule 72(a)"). The firm waiver

rule provides that "[t]he failure to timely object . . . waives appellate review of both factual and legal questions." *Duffield*, 545 F.3d at 1237.

## C. RECONSIDERATION

Although the Federal Rules of Civil Procedure do not explicitly authorize a motion for reconsideration of an interlocutory ruling, district courts have broad discretion to reconsider their rulings before the entry of final judgment. *See Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1251 (10th Cir. 2011) ("[D]istrict courts generally remain free to reconsider their earlier interlocutory orders."); Fed. R. Civ. P. 54(b) ("[A]ny order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment."). Thus, a court can alter its interlocutory orders even where the more stringent requirements applicable to a motion to alter or amend a final judgment under Rule 59(e) or a motion for relief from judgment brought pursuant to Rule 60(b) are not satisfied. *Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv., II, LLC*, 887 F.3d 1003, 1024 (10th Cir. 2018).

To succeed on a motion to reconsider, "a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Nat'l Bus. Brokers, Ltd. v. Jim Williamson Prods., Inc.*, 115 F. Supp. 2d 1250, 1256 (D. Colo. 2000) (citation and quotations omitted). Even under this lower standard, "[a] motion to reconsider should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." *Id.* (alterations incorporated); *see Sanchez v. Hartley*, 2014 WL 4852251, at *2 (D. Colo. Sept. 30, 2014) (refusing to reconsider an

interlocutory order where the defendants did not show "an intervening change in the law, newly discovered evidence, or the need to correct clear error or manifest injustice").

### III.     ANALYSIS

Construing Plaintiff's Motion for Reconsideration (Doc. # 281) liberally, the Court assesses it both as an objection to the Magistrate Judge's Recommendation and under the standards for reconsideration of interlocutory rulings.

**A.     OBJECTION**

If Plaintiff's Motion for Reconsideration is construed as an objection to Judge Starnella's Recommendation, it is untimely. As the Court explained in its Order Adopting and Affirming in part the Recommendation, Pursuant to Federal Rules of Civil Procedure 5(b)(2)(C), 6(d), and 72(b)(2), any objections Plaintiff wished to file were due by January 18, 2024. (Doc. # 278 at 2.) However, due to the Court's unexpected closure on January 18 and 19, 2024, and pursuant to Rule 6(a)(3), this deadline was extended to January 22, 2024. (*Id*.) The instant Motion for Reconsideration was filed three weeks after this deadline.

On that basis alone, the Court may overrule the objection/Motion. *Duffield*, 545 F.3d at 1237; *2121 East 30th Street*, 73 F.3d at 1059–60. Nonetheless, the Court has carefully reviewed the Motion and is satisfied that it raises no meritorious grounds to disturb the Court's prior Order. Plaintiff does not identify any specific legal or factual errors in Judge Starnella's Recommendation or the Court's Order adopting and affirming that Recommendation. Instead, the Motion merely asserts, without any

supporting evidence, that Plaintiff never received a response regarding the Subpoenas. (Doc. # 281 at 1.)

Under the common law mailbox rule, evidence that an item was properly addressed and placed in the mail creates a rebuttable presumption that the item was received. *Telerico v. Nationwide Mut. Fire Ins. Co.*, 529 F. App'x 729, 732 (6th Cir. 2013); *see also Sorrentino v. United States*, 171 F. Supp. 2d 1150, 1153 (D. Colo. 2001) (quoting *Crude Oil Corp. of Am. v. Commissioner*, 161 F.2d 809, 810 (10th Cir. 1947)) ("Proof of due mailing is prima facie evidence of receipt."). Evidence of actual mailing includes "proof of procedures followed in the regular course of operations which give rise to a strong inference that the [item] was properly addressed and mailed." *Sorrentino*, 171 F. Supp. 2d at 1153.

On October 6, 2022, Plaintiff filed with the Court a notice of change of address. (Doc. # 224.) The receipt contained within the Court's electronic filing system notes that notice of the Unexecuted Subpoenas (Doc. # 225) was mailed to the address provided in that change of address. There is nothing on the docket indicating this notice was returned undelivered. Further, on November 3, 2022, Plaintiff filed a "Memo regarding # 225," which indicates he did, in fact, receive notice of the Unexecuted Subpoenas. *See* (Doc. # 227) Thus, the Court concludes that Plaintiff has not rebutted the presumption of receipt regarding the Unexecuted Subpoenas.

**B.    RECONSIDERATION**

Assessing Plaintiff's Motion under the standards for reconsideration, Plaintiff has not presented a proper basis for reconsideration. Plaintiff has not presented newly

9

discovered evidence, nor has he demonstrated a manifest error of law or fact. The Court notes that Plaintiff had two notices and opportunities to timely present arguments and evidence regarding the potential dismissal of Defendants Gilmore, Pomeranz, Jahn, Gonzalez, and Garcia.

First, Judge Starnella's October 30, 2023 OSC expressly states both that she was disinclined to extend the service deadline for these Defendants, and that failure to timely respond would result in a "**recommendation to dismiss these Defendants without further notice**." (Doc. # 273 at 5–6.) Plaintiff received this OSC, as evidenced by his Motion for an Extension of time to respond. (Doc. # 274.) Thus, even if the Court accepted Plaintiff's assertion that he did not receive the notice of Unexecuted Subpoenas (Doc. # 225), as of at least November 2, 2023, Plaintiff was aware that proper service of process had not been executed on Defendants Gilmore, Pomeranz, Jahn, Gonzalez, and Garcia. Despite this, Plaintiff did not substantively respond to Judge Starnella's OSC. Second, as discussed above, Plaintiff waited three weeks following the expiration of the deadline to file objections to Judge Starnella's December 29, 2023 Recommendation before filing the instant Motion.

Plaintiff provides no explanation for failing to timely respond to either Judge Starnella's OSC or her Recommendation. The Court reminds Plaintiff that, although he is *pro se*, he is still subject to the Federal Rules of Civil Procedure. *Abdelsamed*, 6 F. App'x at 772. Thus, the Court concludes that reconsideration of its Order (Doc. # 278) Adopting and Affirming in pertinent part Judge Starnella's Recommendation that

Defendants Gilmore, Pomeranz, Jahn, Gonzalez, Garcia, and Archer be dismissed pursuant to Rule 4(m) is not warranted.

### C. OSC & MOTION FOR SUBPOENA

As discussed above, on January 24, 2024, Plaintiff was ordered to show cause in writing by February 14, 2024, as to why Defendant Archer should not be dismissed for failure to timely serve. (Doc. # 279.) Plaintiff has failed to do so. The only document Plaintiff has filed since January 24 which relates to Defendant Archer is the Motion for Subpoena, which states, in its entirety: "Plaintiff is requesting a motion for subpoena for Darci Archer from the AMH clients." (Doc. # 282.)

Federal Rule of Civil Procedure 4(m) advises that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." "If Plaintiff shows good cause for the delay, however, the district court must extend the time to serve the defendant." *Wischmeyer v. Wood*, No. 07-cv-01863-LTB, 2008 WL 2324128, at *2 (D. Colo. June 2, 2008) (citing *Espinoza v. United States*, 52 F.3d 838, 841(10th Cir. 1995)). A plaintiff may demonstrate "good cause" by pointing to evidence that the defendant evaded service, or by "some other 'showing of good faith . . . and some reasonable basis for noncompliance with the time specified,'" *Id.* (citing *In re Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996); *Cox v. Sandia Corp.*, 941 F.2d 1124, 1125 (10th Cir. 1991)). A plaintiff's "meticulous efforts to comply with the rule" may support a finding of good cause. *Kirkland*, 86 F.3d at 176. However, a district court "is clearly not compelled to accept a

11

lesser 'excusable neglect' showing." *Id.* Even if the plaintiff fails to show good cause, the district court must consider whether the situation warrants a "permissive extension of time." *Espinoza*, 52 F.3d at 841–42; *see also Wischmeyer*, 2008 WL 2324128, at *2.

Plaintiff makes no attempt to demonstrate good cause for his failure to serve Defendant Archer. There is no evidence Defendant Archer has sought to evade service and Plaintiff provides no description of any steps he has taken to attempt service, nor any rationale for his failure to take such steps, since the previously granted Subpoena was returned unexecuted nearly 18 months ago. *See* (Doc. # 225.) Even if Plaintiff inadvertently failed to take note of the Unexecuted Subpoenas, AMH Defendants' May 11, 2023 Notice (Doc. # 263) that they did not intend to file a response to the Fourth Amended Complaint because they had not been served, provided Plaintiff with yet an additional warning of his service deficiencies a full eight months before the Court's January 24, 2024 OSC. Accordingly, the Court concludes that Plaintiff has failed to demonstrate even "excusable neglect" in this regard. Nor does the situation warrant a "permissive extension of time." As Judge Starnella correctly noted in her Recommendation regarding the other Defendants who have not been properly served, "[t]his case has been pending over four and a half years, since January 17, 2019, and the Court has provided Plaintiff ample opportunity for service to be effectuated." (Doc. # 277 at 5.) Accordingly, the Court concludes that Plaintiff has failed to show cause why Defendant Archer should not be dismissed from this action. The Court will therefore make the OSC absolute, dismiss Defendant Archer, and deny Plaintiff's request for a Subpoena.

## IV. CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

- the Court's January 24, 2024 Order to Show Cause (Doc. # 279) is MADE ABSOLUTE;

- Plaintiff Hunter Melnick's Motion for Reconsideration (Doc. # 281) is DENIED;

- Plaintiff's Motion for a Subpoena (Doc. # 282) is DENIED;

- Plaintiff's claims against Defendant Darci Archer are DISMISSED WITHOUT PREJUDICE for failure to timely and properly serve pursuant to Fed. R. Civ. P. 4(m) and the caption on all subsequent filings shall reflect the removal of Darci Archer as a Defendant in this case.

DATED: February 21, 2024

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
Senior United States District Judge